JOURNAL ENTRY AND OPINION
{¶ 1} James Smith appeals the sentence imposed by the trial court. Smith argues that the trial court erroneously sentenced him to the maximum prison term without making the required findings and even though he had not served a prior prison sentence. For the following reasons, we affirm.
 {¶ 2} The facts presented reveal that Smith sprayed victim Robbie White ("White") in the head with mace. Smith then chased White onto a porch and began stabbing her. White struggled with Smith and fled into the street. Smith followed White into the street and continued to stab her. A witness permitted White to enter his vehicle, allowing her to escape Smith. The witness drove White to her house where she collapsed in the driveway. White's son called 911 and paramedics transported her to Metro Hospital. White suffered from stab wounds to the chest, back, and scalp. Smith admitted that he was high on PCP at the time of the attack.
 {¶ 3} The Cuyahoga County Grand Jury returned a four-count indictment charging Smith with three counts of felonious assault, in violation of R.C. 2903.11, and one count of attempted murder, in violation of R.C.2923.02, 2903.02. The defendant pled guilty to attempted murder, and the State of Ohio dismissed the remaining charges. The trial court subsequently sentenced Smith to the maximum prison term of ten years. Smith appeals the imposition of this prison term.
 {¶ 4} In his first assignment of error, Smith argues "[t]he trial court erred in sentencing Appellant to more than the minimum prison sentence when he had not previously served a prison term." This assignment lacks merit.
 {¶ 5} The standard of review with respect to sentencing requires this court to find error by clear and convincing evidence. State v. Perry,
Cuyahoga App. No. 84397, 2005-Ohio-27. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.
 {¶ 6} Clear and convincing evidence is more than a mere preponderance of the evidence, it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, citingCincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C.2953.08(F)(1)-(4), Perry, supra at ¶ 98.
 {¶ 7} R.C. 2929.14(B) provides "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 8} Here, Smith argues that because there is nothing in the record to indicate that he had previously served a prison term, and because the trial court did not make the required findings under R.C. 2929.14(B)(2), he should have been sentenced to the minimum prison term of three years. This argument is without merit.
 {¶ 9} A review of the presentence investigation report prepared on behalf of Smith reveals that Smith had indeed served prior prison time. In fact, the presentence investigation report demonstrates that Smith had served three prior prison sentences: one seven-month prison term for violating community control sanctions in 2000; one eleven-month prison term in 2002 for a felony attempted robbery charge; and a final six-month prison term in 2003 for receiving stolen property motor vehicle, possession of drugs, and endangering children.
 {¶ 10} Smith's three prior prison sentences were documented in the presentence investigation report reviewed by the trial court prior to sentencing and, therefore, the trial court did not have to make any findings under R.C. 2929.14(B)(2).
 {¶ 11} Smith does not attack the trial court's imposition of his sentence on any other grounds. Accordingly, we find the sentence imposed on Smith is supported by the record and is not contrary to law. The trial court did not err in sentencing him to more than the minimum prison sentence. Smith's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Dyke, J., concur